**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Stephen J. Steinlight (ID No. 028852001)
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6008
Facsimile: (212) 704-6288
stephen.steinlight@troutman.com
*Attorneys for Defendant Wells Fargo, N.A.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MEGAN KEARNEY and SABINA GARCIA,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO, N.A. and TENAGLIA & HUNT,<br><br>Defendants. | CIVIL ACTION NO:<br><br>(Filed Electronically) |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), incorrectly sued herein as "Wells Fargo, N.A.," with the consent of Defendant Tenaglia & Hunt, hereby removes this civil action, with reservation of all rights and defenses, from the Law Division of the Superior Court of New Jersey, Union County, Docket No. UNN-L-003588-22 (the "State Court Action"), to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. As addressed below, the Court has jurisdiction over this matter because Plaintiffs Megan Kearney and Sabino Garcia ("Plaintiffs")

1

have alleged claims arising under the Constitution, laws, or treatises of the United States. *See* U.S.C. § 1331. In support of removal, Defendant states as follows:

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

1. This action is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2. Plaintiff instituted the State Court Action by filing a complaint in the Superior Court of New Jersey, Union County, on or about December 1, 2022 (the "Complaint").

3. As of the date of filing of this Notice, Wells Fargo has not yet been properly served with a copy of the Complaint in the State Court Action; however, Wells Fargo is in receipt of the Complaint.[1]

4. The Complaint alleges, *inter alia*, that Defendants engaged in conduct that violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq, and federal Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.

5. On December 30, 2022, Wells Fargo obtained Defendant Tenaglia & Hunt's consent to removal of the action to federal court.

6. As further set forth below, this case is properly removed to this Court because this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and Defendant has satisfied the procedural requirements for removal pursuant to 28 U.S.C. §§ 1441 and 1446.

---

[1] Defendant Tenaglia & Hunt, P.A. served as counsel for Wells Fargo in the debt collection actions underlying Plaintiffs' claims. On December 1, 2022, counsel for Plaintiffs sent a copy of the Complaint via electronic mail to Tenaglia & Hunt, P.A., which forwarded a copy to Wells Fargo. Wells Fargo has, therefore, not yet been properly served with a Summons and Complaint in the State Court Action. Nevertheless, Wells Fargo files this Notice within 30 days of Tenaglia & Hunt, P.A.'s receipt of a copy of the Complaint by electronic mail.

7. As required by 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and any other pleadings, process, or orders served on Defendant in the State Court Action are attached hereto as **Exhibit A**.

8. This Court has original subject matter jurisdiction over the entire action under 28 U.S.C. § 1441(a) and (c), which provide for removal of any civil action over which the district courts of the United States have original jurisdiction and allow removal of an entire case even when removable claims are joined with non-removable claims.

II. **FEDERAL QUESTION JURISDICTION EXISTS**

9. Federal question jurisdiction exists in this matter pursuant to 28 U.S.C. § 1331, which provides that the district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

10. Plaintiffs specifically allege that Wells Fargo violated the FDCPA. *See* Compl., Count One ¶ 17; Count Two ¶ 8).

11. Additionally, Plaintiffs separately allege that Wells Fargo's "arbitration disclosures are confusing, contradictory unconscionable and violate the [TILA]." Compl., Count Four ¶ 3). Moreover, Plaintiffs allege that Wells Fargo's disclosures to Plaintiffs pursuant to the TILA were deficient in several ways. *See* Compl., Count Four ¶¶ 7-10. Thus, three of the five causes of action alleged by Plaintiffs in their Complaint arise under the laws of the United States.

12. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the Constitution, laws, or treaties of the United States.

13. Additionally, the other claims Plaintiffs assert in their Complaint – one alleging violation of the New Jersey levy statute (Count Three) and other alleging unjust enrichment and

asserting a claim for equitable relief (Count Five) – are predicated on Wells Fargo's alleged violations of the FDCPA and TILA. (*See* Compl., Count Three ¶ 8 (claiming that debtors have suffered "injury and harm" because of Wells Fargo's alleged violation of the FDCPA and alleged disregard for state law and procedures designed to protect debtors); Compl., Count Five ¶¶ 2-3 ("Wells' [sic] Fargo' [sic] Policies and Procedures represent an ongoing violation of the New Jersey levy statute, and Truth in Lending statute.")). Therefore, this Court also has supplemental jurisdiction over the claims Plaintiffs allege in Counts Three and Five of their Complaint. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy….").

### III.  REMOVAL IS PROCEDURALLY PROPER

14.  Defendant has also satisfied all other requirements for removal.

15.  Venue in this District is proper under 28 U.S.C. § 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district corresponding to the place where the State Court Action is pending.

16.  Defendant Tenaglia & Hunt, the only other named defendant in this action, has given its consent to Wells Fargo's removal of the action to this Court.

17.   Removal of this case to the United States District Court for the District of New Jersey does not constitute a waiver by Defendant of its right to seek dismissal of this lawsuit.

18.  This Notice of Removal satisfies the requirements of § 1446(b) because, although Wells Fargo has not yet been properly served with a copy of the Complaint, Wells Fargo received a copy of the same on December 1, 2022, and, therefore, this removal is timely.

19. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiffs and shall file a copy of this Notice along with a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of New Jersey, Union County, where this action is currently pending.  *See* Notice of Filing of Notice of Removal, attached hereto as **Exhibit B**.

**WHEREFORE**, Defendant respectfully removes this action from the Superior Court of New Jersey, Law Division, Union County, to the United States District Court for the District of New Jersey.

Dated:  January 3, 2023                               Respectfully submitted,

**TROUTMAN PEPPER
HAMILTON SANDERS LLP**

By: */s/ Stephen J. Steinlight*
Stephen J. Steinlight
875 Third Avenue
New York, New York 10022
Tel: (212) 704-6008
Fax: (212) 704-6288
stephen.steinlight@troutman.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

The undersigned hereby certifies that the matter in controversy is not the subject of any other known action pending in any court, or of any pending arbitration or administrative proceeding.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: January 3, 2023

*/s/ Stephen J. Steinlight*
Stephen J. Steinlight

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 3, 2023, I caused a true and correct copy of the Notice of Removal, Certification Pursuant to Local Civil Rule 11.2, Rule 7.1 Corporate Disclosure Statement, and Civil Cover Sheet to be served upon the following electronic mail, postage prepaid:

Marie Tenaglia Fritz, Esq.
James Hunt, Esq.
Tenaglia & Hunt, P.A.
395 West Passaic Street, Suite 205
Rochelle Park, NJ 07662
marie@tenagliahunt.com
jhunt@tenagliahunt.com

*Counsel for Tenaglia & Hunt, P.A.*

and on January 4, 2023 via first-class mail, postage prepaid, to:

Howard A. Gutman, Esq.
Law Office of Howard A. Gutman
230 Route 206, Suite 307
Flanders, New Jersey 07836

*Attorney for Plaintiffs*

**TROUTMAN PEPPER
HAMILTON SANDERS LLP**

By: */s/ Stephen J. Steinlight*
     Stephen J. Steinlight